James H. Neale (JN6972)
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York 10103
(212) 318-3000
*Attorneys for Defendants*

      – and –

Terry O. Tottenham
Lana K. Varney
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, Texas 78701
(512) 536-5201
*Of Counsel*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOYCE LUETTICKE,             x | | |
|       Plaintiff,      : | | |
|       v.        : | CIVIL ACTION NO. 1:08-CV-0889-JFK | |
| PROCTER & GAMBLE PHARMACEUTICALS, INC. and AVENTIS PHARMACEUTICALS, INC.,    : | ANSWER | |
|       Defendants.      : | | |

      Procter & Gamble Pharmaceuticals, Inc. ("P&G") and sanofi-aventis US L.L.C. ("sanofi-aventis"), successor in interest to Aventis Pharmaceuticals, Inc., answer Plaintiff Joyce Luetticke's ("Plaintiff") Original Complaint ("Complaint") as follows:

      In response to the Plaintiff's first unnumbered paragraph, Defendants P&G and sanofi-aventis admit that this is a civil action for alleged damages suffered by Plaintiff. However, P&G

ANSWER                    -1-

and sanofi-aventis deny that Plaintiff has suffered any damages as a result of her allegedly being prescribed and her alleged ingestion of the drug Actonel. To the extent this paragraph contains any additional allegations, P&G and sanofi-aventis deny any such allegations.

## I.    PRELIMINARY STATEMENT

1.    In answer to paragraph 1 of the Complaint, Defendant P&G admits that it designed, tested, developed, manufactured, labeled, marketed, distributed and sold Actonel in the United States. Defendant sanofi-aventis admits that it marketed, distributed and sold Actonel in the United States. With regard to whether Plaintiff was prescribed and ingested Actonel, P&G and sanofi-aventis lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations. P&G and sanofi-aventis deny any remaining allegations.

## II.    PARTIES

### A.    PLAINTIFF

2.    In answer to paragraph 2 of the Complaint, Defendants P&G and sanofi-aventis state that they lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations.

### B.    DEFENDANTS

3.    In answer to paragraph 3 of the Complaint, Defendant P&G admits that it is an Ohio corporation with its principal place of business in Ohio.

4.    In answer to paragraph 4 of the Complaint, Defendant sanofi-aventis admits that sanofi-aventis US L.L.C. is a Delaware corporation with its principal place of business in New Jersey.

ANSWER                                    -2-

5.      In answer to paragraph 5 of the Complaint, Defendant P&G admits that it designed, tested, developed, manufactured, labeled, marketed, distributed and sold Actonel in the United States.  Defendant sanofi-aventis admits that it marketed, distributed and sold Actonel in the United States.  Defendant P&G denies that it conducts business in the State of Nebraska. Defendant sanofi-aventis admits that it conducts business in the State of Nebraska.  P&G and sanofi-aventis deny any remaining allegations.

### III.      JURISDICTION AND VENUE

6.      In answer to paragraph 6 of the Complaint, P&G and sanofi-aventis admit that jurisdiction is proper in federal court.  P&G and sanofi-aventis further admit that Plaintiff and P&G and sanofi-aventis are citizens of different states.  Although P&G and sanofi-aventis deny that Plaintiff is entitled to any damages whatsoever, P&G and sanofi-aventis admit that upon information and belief, the amount in controversy appears to be greater than $75,000.

7.      In answer to paragraph 7 of the Complaint, P&G and sanofi-aventis deny the applicability of Case Management Order No. 3 from *MDL No. 1789, In Re: Fosamax Products Liability Litigation* but will not challenge venue in the United States District Court for the Southern District of New York.

### IV.      SUMMARY OF THE CASE

8.      In answer to paragraph 8 of the Complaint, P&G and sanofi-aventis admit that Actonel was approved by the United States Food & Drug Administration ("FDA") for prevention and treatment of osteoporosis and treatment of Paget's disease.  P&G and sanofi-aventis deny any remaining allegations.

9.      In answer to paragraph 9 of the Complaint, Defendants P&G and sanofi-aventis deny the allegations contained therein.

ANSWER                                           -3-

10.     In answer to paragraph 10 of the Complaint, Defendants P&G and sanofi-aventis deny the allegations contained therein.

11.     In answer to paragraph 11 of the Complaint, Defendants P&G and sanofi-aventis deny the allegations contained therein and deny that Plaintiff is entitled to any damages whatsoever.

## FACTUAL ALLEGATIONS

12.     In answer to paragraph 12 of the Complaint, Defendant P&G admits that it designed, tested, developed, manufactured, labeled, marketed, distributed and sold Actonel in the United States.  Defendant sanofi-aventis admits that it marketed, distributed and sold Actonel in the United States.  P&G and sanofi-aventis deny any remaining allegations.

13.     In answer to paragraph 13 of the Complaint, P&G and sanofi-aventis admit that Actonel is a brand name of risedronate sodium, that it is a prescription drug that is taken orally, and that Actonel was approved by the FDA for prevention and treatment of osteoporosis. Defendant P&G admits that it designed, tested, developed, manufactured, labeled, marketed, distributed and sold Actonel in the United States.  Defendant sanofi-aventis admits that it marketed, distributed and sold Actonel in the United States.  P&G and sanofi-aventis deny any remaining allegations.

14.     In answer to paragraph 14 of the Complaint, P&G and sanofi-aventis admit that Actonel is a brand name of risedronate sodium, that it is a prescription bisphosphonate drug that is taken orally, and that Actonel was approved by the FDA for prevention and treatment of osteoporosis.  P&G and sanofi-aventis state that they lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the allegations.

15.    In answer to paragraph 15 of the Complaint, P&G and sanofi-aventis admit that Actonel is a brand name of risedronate sodium, that the chemical structure of risedronate sodium contains nitrogen and that Actonel can be considered a nitrogenous bisphosphonate. P&G and sanofi-aventis state that they lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny the allegations.

16.    In answer to paragraph 16 of the Complaint, P&G and sanofi-aventis deny the allegations as stated. Because Plaintiff has failed to specifically identify the medical articles and studies referred to in paragraph 16, P&G and sanofi-aventis state that they lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations.

17.    In answer to paragraph 17 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

18.    In answer to paragraph 18 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

19.    In answer to paragraph 19 of the Complaint, P&G and sanofi-aventis deny the allegations as stated. Because Plaintiff has failed to specifically identify the advice referred to in paragraph 19, P&G and sanofi-aventis state that they lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations.

20.    The allegations in paragraph 20 of the Complaint are not directed to P&G and sanofi-aventis and therefore require no response from them. To the extent a response is required, P&G and sanofi-aventis lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

21.     In answer to paragraph 21 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

22.     The allegations in paragraph 22 of the Complaint are not directed to P&G and sanofi-aventis and therefore require no response from them. To the extent a response is required, P&G and sanofi-aventis lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

23.     In answer to paragraph 23 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

24.     The allegations in paragraph 24 of the Complaint are not directed to P&G and sanofi-aventis and therefore require no response from them. To the extent a response is required, P&G and sanofi-aventis lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted, and therefore, deny the allegations contained therein.

25.     In answer to paragraph 25 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

26.     In answer to paragraph 26 of the Complaint, Defendant P&G admits that it designed, tested, developed, manufactured, labeled, marketed, distributed and sold Actonel in the United States. Defendant sanofi-aventis admits that it marketed, distributed and sold Actonel in the United States. P&G and sanofi-aventis deny any remaining allegations.

27.     In answer to paragraph 27 of the Complaint, with regard to whether Plaintiff was prescribed and ingested Actonel, P&G and sanofi-aventis lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations. P&G and sanofi-aventis expressly deny any implication that Actonel is associated in any way with the injury alleged by Plaintiff and deny the remaining allegations.

28.     In answer to paragraph 28 of the Complaint, P&G and sanofi-aventis expressly deny any implication that Actonel is associated in any way with the injury alleged by Plaintiff. As to the remaining allegations, P&G and sanofi-aventis state that they lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations.

29.     In answer to paragraph 29 of the Complaint, P&G and sanofi-aventis state that they lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations.

30.     In answer to paragraph 30 of the Complaint, P&G and sanofi-aventis expressly deny any implication that Actonel is associated in any way with the injury alleged by Plaintiff. P&G and sanofi-aventis deny any remaining allegations.

31.     In answer to paragraph 31 of the Complaint, P&G and sanofi-aventis expressly deny any implication that Actonel is associated in any way with the injury alleged by Plaintiff. P&G and sanofi-aventis deny any remaining allegations.

32.     In answer to paragraph 32 of the Complaint, P&G and sanofi-aventis state that they lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations.

33.     In answer to paragraph 33 of the Complaint, with regard to the allegations about the subjective knowledge of Plaintiff's physician, P&G and sanofi-aventis lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations.  P&G and sanofi-aventis expressly deny any implication that Actonel is associated in any way with the injury alleged by Plaintiff and deny the remaining allegations.

34.     In answer to paragraph 34 of the Complaint, with regard to the allegations about Plaintiff's subjective knowledge, P&G and sanofi-aventis lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations.  P&G and sanofi-aventis expressly deny any implication that Actonel is associated in any way with the injury alleged by Plaintiff and deny the remaining allegations.

35.     In answer to paragraph 35 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

36.     In answer to paragraph 36 of the Complaint, with regard to the allegations about Plaintiff's own and her physician's subjective knowledge, P&G and sanofi-aventis lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations.  P&G and sanofi-aventis expressly deny any implication that Actonel is associated in any way with the injury alleged by Plaintiff and deny the remaining allegations.

### FIRST CAUSE OF ACTION
### [Strict Products Liability Failure to Warn]

In answer to the unnumbered paragraph under "First Cause of Action," P&G and sanofi-aventis incorporate by reference, as if fully set forth herein, the responses and defenses set forth in paragraphs 1 through 36 above.  P&G and sanofi-aventis expressly deny the allegations contained in this unnumbered paragraph.

37.     In answer to paragraph 37 of the Complaint, Defendant P&G admits that it designed, tested, developed, manufactured, labeled, marketed, distributed and sold Actonel in the United States.  Defendant sanofi-aventis admits that it marketed, distributed and sold Actonel in the United States.  P&G and sanofi-aventis lack knowledge and information sufficient to form a belief as to whether the Actonel reached the Plaintiff as alleged without substantial change in its

ANSWER                                    -8-

condition and therefore deny such allegations. P&G and sanofi-aventis deny any remaining allegations.

38.    In answer to paragraph 38 of the Complaint, P&G and sanofi-aventis state that they had a duty to comply with all applicable law, which they did. By way of further answer, P&G and sanofi-aventis state that the Actonel labeling and package inserts were approved by FDA and contained appropriate and adequate warnings in accordance with federal statutes and regulations and with the existing state of medical and scientific knowledge. P&G and sanofi-aventis deny any remaining allegations.

39.    In answer to paragraph 39 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

40.    In answer to paragraph 40 of the Complaint, P&G and sanofi-aventis lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations.

41.    In answer to paragraph 41 of the Complaint, P&G and sanofi-aventis state that they had a duty to comply with all applicable law, which they did. By way of further answer, P&G and sanofi-aventis state that the Actonel labeling and package inserts were approved by FDA and contained appropriate and adequate warnings in accordance with federal statutes and regulations and with the existing state of medical and scientific knowledge. P&G and sanofi-aventis deny any remaining allegations.

42.    In answer to paragraph 42 of the Complaint, P&G and sanofi-aventis expressly deny any implication that Actonel is associated in any way with the injury alleged by Plaintiff and deny the remaining allegations.

43.    In answer to paragraph 43 of the Complaint, P&G and sanofi-aventis state that they had a duty to comply with all applicable law, which they did.  By way of further answer, P&G and sanofi-aventis state that the Actonel labeling and package inserts were approved by FDA and contained appropriate and adequate warnings in accordance with federal statutes and regulations and with the existing state of medical and scientific knowledge.  P&G and sanofi-aventis deny any remaining allegations.

44.    In answer to paragraph 44 of the Complaint, P&G and sanofi-aventis state that they had a duty to comply with all applicable law, which they did.  By way of further answer, P&G and sanofi-aventis state that the Actonel labeling and package inserts were approved by FDA and contained appropriate and adequate warnings in accordance with federal statutes and regulations and with the existing state of medical and scientific knowledge.  P&G and sanofi-aventis deny any remaining allegations.

## SECOND CAUSE OF ACTION
### [Strict Products Liability / Defective Product]

In answer to the unnumbered paragraph under "Second Cause of Action," P&G and sanofi-aventis incorporate by reference, as if fully set forth herein, the responses and defenses set forth in paragraphs 1 through 44 above.  P&G and sanofi-aventis expressly deny the allegations contained in this unnumbered paragraph.

45.    In answer to paragraph 45 of the Complaint, Defendant P&G admits that it designed, tested, developed, manufactured, labeled, marketed, distributed and sold Actonel in the United States.  Defendant sanofi-aventis admits that it marketed, distributed and sold Actonel in the United States.  P&G and sanofi-aventis lack knowledge and information sufficient to form a belief as to whether the Actonel reached the Plaintiff as alleged without substantial change in its

condition and therefore deny such allegations.  P&G and sanofi-aventis deny any remaining allegations.

46.    In answer to paragraph 46 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

47.    In answer to paragraph 47 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

48.    In answer to paragraph 48 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

49.    In answer to paragraph 49 of the Complaint, including all sub-parts, P&G and sanofi-aventis deny the allegations contained therein.

50.    In answer to paragraph 50 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

51.    In answer to paragraph 51 of the Complaint, P&G and sanofi-aventis state that they had a duty to comply with all applicable law, which they did.  By way of further answer, P&G and sanofi-aventis state that the Actonel labeling and package inserts were approved by FDA and contained appropriate and adequate warnings in accordance with federal statutes and regulations and with the existing state of medical and scientific knowledge.  P&G and sanofi-aventis deny any remaining allegations.

52.    In answer to paragraph 52 of the Complaint, P&G and sanofi-aventis lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations.

53.    In answer to paragraph 53 of the Complaint, P&G and sanofi-aventis expressly deny any implication that Actonel is associated in any way with the injury alleged by Plaintiff and deny the remaining allegations.

### THIRD CAUSE OF ACTION
### [Negligence and Gross Negligence]

In answer to the unnumbered paragraph under "Third Cause of Action," P&G and sanofi-aventis incorporate by reference, as if fully set forth herein, the responses and defenses set forth in paragraphs 1 through 53 above.

54.    In answer to paragraph 54 of the Complaint, including all sub-parts, P&G and sanofi-aventis state that they had a duty to comply with all applicable law, which they did. By way of further answer, P&G and sanofi-aventis state that the Actonel labeling and package inserts were approved by FDA and contained appropriate and adequate warnings in accordance with federal statutes and regulations and with the existing state of medical and scientific knowledge. P&G and sanofi-aventis deny any remaining allegations.

55.    In answer to paragraph 55 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

56.    In answer to paragraph 56 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

57.    In answer to paragraph 57 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

58.    In answer to paragraph 58 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

59.    In answer to paragraph 59 of the Complaint, , P&G and sanofi-aventis state that they had a duty to comply with all applicable law, which they did. By way of further answer,

P&G and sanofi-aventis state that the Actonel labeling and package inserts were approved by FDA and contained appropriate and adequate warnings in accordance with federal statutes and regulations and with the existing state of medical and scientific knowledge. P&G and sanofi-aventis deny any remaining allegations.

## FOURTH CAUSE OF ACTION
### [Breach of Implied Warranty]

In answer to the unnumbered paragraph under "Fourth Cause of Action," P&G and sanofi-aventis incorporate by reference, as if fully set forth herein, the responses and defenses set forth in paragraphs 1 through 59 above.

60.    In answer to paragraph 60 of the Complaint, Defendant P&G admits that it designed, tested, developed, manufactured, labeled, marketed, distributed and sold Actonel in the United States. Defendant sanofi-aventis admits that it marketed, distributed and sold Actonel in the United States. P&G and sanofi-aventis deny any remaining allegations.

61.    In answer to paragraph 61 of the Complaint, with regard to the allegations about Plaintiff's subjective knowledge, P&G and sanofi-aventis lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations. P&G and sanofi-aventis deny the remaining allegations.

62.    In answer to paragraph 62 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

63.    In answer to paragraph 63 of the Complaint, P&G and sanofi-aventis expressly deny any implication that Actonel is associated in any way with the injury alleged by Plaintiff and deny the remaining allegations.

64.    In answer to paragraph 64 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

ANSWER                                -13-

## FIFTH CAUSE OF ACTION
### [Breach of Express Warranty]

In answer to the unnumbered paragraph under "Fifth Cause of Action," P&G and sanofi-aventis incorporate by reference, as if fully set forth herein, the responses and defenses set forth in paragraphs 1 through 64 above.

65.     In answer to paragraph 65 of the Complaint, P&G and sanofi-aventis expressly deny any implication that Actonel is associated in any way with the injury alleged by Plaintiff and deny the remaining allegations.

66.     In answer to paragraph 66 of the Complaint, P&G and sanofi-aventis expressly deny any implication that Actonel is associated in any way with the injury alleged by Plaintiff and deny the remaining allegations.

67.     In answer to paragraph 67 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

68.     In answer to paragraph 68 of the Complaint, , P&G and sanofi-aventis state that they had a duty to comply with all applicable law, which they did.  By way of further answer, P&G and sanofi-aventis state that the Actonel labeling and package inserts were approved by FDA and contained appropriate and adequate warnings in accordance with federal statutes and regulations and with the existing state of medical and scientific knowledge.  P&G and sanofi-aventis deny any remaining allegations.

69.     In answer to paragraph 69 of the Complaint, with regard to the allegations about Plaintiff's own and her physician's subjective knowledge, P&G and sanofi-aventis lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations.  P&G and sanofi-aventis expressly deny any

implication that Actonel is associated in any way with the injury alleged by Plaintiff and deny the remaining allegations.

70.    In answer to paragraph 70 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

71.    In answer to paragraph 71 of the Complaint, P&G and sanofi-aventis expressly deny any implication that Actonel is associated in any way with the injury alleged by Plaintiff and deny the remaining allegations.

### SIXTH CAUSE OF ACTION
### [Fraud]

In answer to the unnumbered paragraph under "Fifth Cause of Action," P&G and sanofi-aventis incorporate by reference, as if fully set forth herein, the responses and defenses set forth in paragraphs 1 through 71 above.

72.    In answer to paragraph 72 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

73.    In answer to paragraph 73 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

74.    In answer to paragraph 74 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

75.    In answer to paragraph 75 of the Complaint, with regard to the allegations about Plaintiff's own and her physician's subjective knowledge, P&G and sanofi-aventis lack knowledge and information sufficient to form a belief as to the truth or falsity of the information asserted and, therefore, deny the allegations.  P&G and sanofi-aventis expressly deny any implication that Actonel is associated in any way with the injury alleged by Plaintiff and deny the remaining allegations.

76.    In answer to paragraph 76 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

77.    In answer to paragraph 77 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

78.    In answer to paragraph 78 of the Complaint, P&G and sanofi-aventis expressly deny any implication that Actonel is associated in any way with the injury alleged by Plaintiff and deny the remaining allegations.

**SEVENTH CAUSE OF ACTION**
**[Fraud by Concealment]**

In answer to the unnumbered paragraph under "Fifth Cause of Action," P&G and sanofi-aventis incorporate by reference, as if fully set forth herein, the responses and defenses set forth in paragraphs 1 through 78 above.

79.    In answer to paragraph 79 of the Complaint, P&G and sanofi-aventis state that they had a duty to comply with all applicable law, which they did.  By way of further answer, P&G and sanofi-aventis state that the Actonel labeling and package inserts were approved by FDA and contained appropriate and adequate warnings in accordance with federal statutes and regulations and with the existing state of medical and scientific knowledge.  P&G and sanofi-aventis deny any remaining allegations.

80.    In answer to paragraph 80 of the Complaint, P&G and sanofi-aventis state that they had a duty to comply with all applicable law, which they did.  By way of further answer, P&G and sanofi-aventis state that the Actonel labeling and package inserts were approved by FDA and contained appropriate and adequate warnings in accordance with federal statutes and regulations and with the existing state of medical and scientific knowledge.  P&G and sanofi-aventis deny any remaining allegations.

81.    In answer to paragraph 81 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

82.    In answer to paragraph 82 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

83.    In answer to paragraph 83 of the Complaint, P&G and sanofi-aventis expressly deny any implication that Actonel is associated in any way with the injury alleged by Plaintiff and deny the remaining allegations.

84.    In answer to paragraph 84 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

85.    In answer to paragraph 85 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein.

86.    In answer to paragraph 86 of the Complaint, P&G and sanofi-aventis expressly deny any implication that Actonel is associated in any way with the injury alleged by Plaintiff and deny the remaining allegations.

## PUNITIVE AND/OR EXEMPLARY DAMAGES

87.    In answer to paragraph 87 of the Complaint, P&G and sanofi-aventis deny the allegations contained therein and deny that Plaintiff is entitled to any damages whatsoever.

## COMPENSATORY DAMAGES

88.    In answer to paragraph 88 of the Complaint, including all sub-parts, Defendants P&G and sanofi-aventis deny the allegations contained therein and deny that Plaintiff is entitled to any damages whatsoever.

## PRAYER FOR RELIEF

89.    Paragraph 89 of the Complaint, Plaintiff's Prayer for Relief paragraph, along with all sub-parts, does not contain allegations of fact and therefore no responsive pleading is required.  To the extent a response is deemed necessary, P&G and sanofi-aventis deny each and every allegation and assertion listed under paragraph 89, including all sub-parts, and deny that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

90.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable P&G and sanofi-aventis to determine all of their legal, contractual and equitable rights, P&G and sanofi-aventis hereby give notice that they intend to rely upon such other defenses as may become available or appear during discovery proceedings in this case and hereby reserve the right to amend and/or supplement this answer to assert any such defense at a future time and in conformity with the Federal Rules of Civil Procedure.

## FIRST AFFIRMATIVE DEFENSE

91.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

92.    Any product for which P&G and sanofi-aventis were responsible at the time of the occurrences or injuries alleged by Plaintiff was not defective and unreasonably dangerous in its design, manufacture, or marketing, and it was at all times reasonably safe and reasonably fit for its intended use.  The warnings and instructions accompanying the product at issue in this case were legally adequate warnings and instructions.

## THIRD AFFIRMATIVE DEFENSE

ANSWER                    -18-

93.    Plaintiff's claims are barred in whole or in part because P&G and sanofi-aventis provided adequate "direction or warnings" as to the use of any of its products within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### FOURTH AFFIRMATIVE DEFENSE

94.    P&G and sanofi-aventis assert the applicability of comment k of the Restatement (Second) of Torts § 402A, which bars Plaintiff's claims in this lawsuit.

### FIFTH AFFIRMATIVE DEFENSE

95.    P&G and sanofi-aventis deny that Plaintiff used any product manufactured or marketed by P&G and sanofi-aventis as alleged in Plaintiff's Complaint.

### SIXTH AFFIRMATIVE DEFENSE

96.    Any and all damages alleged by Plaintiff may have been caused by misuse of the product at issue, failure to use the product properly, and/or alteration or negligent use of the product.

### SEVENTH AFFIRMATIVE DEFENSE

97.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the negligence/fault of the allegedly injured Plaintiff.  Defendants thus rely on the doctrine of comparative fault.

### EIGHTH AFFIRMATIVE DEFENSE

98.    The occurrences and injuries alleged by Plaintiff were caused or contributed to by the negligence, breaches of warranty, or defective products of third parties over whom P&G and sanofi-aventis had no control and for whom P&G and sanofi-aventis are not responsible.

### NINTH AFFIRMATIVE DEFENSE

99.     Plaintiff's claims may be barred by the negligence/fault of others, and/or by the assumption of risks, if any, inherent in the alleged use of the product at issue by Plaintiff and/or the treating physicians and/or other health care providers. Defendants thus rely on the doctrine of comparative fault with regard to any negligence/fault of Plaintiff and any non-party tortfeasors.

## TENTH AFFIRMATIVE DEFENSE

100.    If Plaintiff sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiff and/or of third parties, not from any negligence or breach of duty by P&G and sanofi-aventis.

## ELEVENTH AFFIRMATIVE DEFENSE

101.    The occurrences and injuries alleged by Plaintiff resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiff. Moreover, the occurrences and injuries were caused by separate and independent events or agencies not reasonably foreseeable. Such separate and independent events or agencies destroy the causal connection, if any, between any alleged breach of legal duty on the part of P&G and sanofi-aventis and the occurrences and injuries alleged by Plaintiff, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving P&G and sanofi-aventis of liability to Plaintiff or any other parties.

## TWELFTH AFFIRMATIVE DEFENSE

102.    If Plaintiff sustained the injuries or incurred the expenses alleged, the same may have been caused, in whole or in part, by operation of nature or act of God.

## THIRTEENTH AFFIRMATIVE DEFENSE

ANSWER                                   -20-

103.    If Plaintiff sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of P&G and sanofi-aventis.

### FOURTEENTH AFFIRMATIVE DEFENSE

104.    If the Plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses for which P&G and sanofi-aventis are not responsible.

### FIFTEENTH AFFIRMATIVE DEFENSE

105.    The FDA has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs.  The drug at issue in this case (the "product" or "product at issue") was approved by the FDA pursuant to such applicable statutes and regulations and, pursuant to such, could only be used pursuant to the prescription of a licensed prescriber.  The labeling for the product at issue was also approved by the FDA and the marketing was conducted in conformity with the FDA's rules and regulations.  Actonel was subject to and received pre-market approval by the Food & Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.  To the extent Plaintiff asserts claims based on P&G's and sanofi-aventis' adherence to and compliance with applicable federal laws, regulations and rule, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

106.    Plaintiff cannot recover because the product at issue was designed and/or made in accordance with the state of the art at the relevant time.

### SEVENTEENTH AFFIRMATIVE DEFENSE

107.    P&G and sanofi-aventis state that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

### EIGHTEENTH AFFIRMATIVE DEFENSE

108.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations.

### NINETEENTH AFFIRMATIVE DEFENSE

109.    Plaintiff's claims are barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### TWENTIETH AFFIRMATIVE DEFENSE

110.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

111.    To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

112.    Actonel is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than P&G and sanofi-aventis, including Plaintiff's treating physicians and health care personnel and institutions, stood in the position of learned intermediaries between P&G and sanofi-aventis and Plaintiff.  Any claims against P&G and sanofi-aventis accordingly are barred in whole or in part by the learned intermediary doctrine

because P&G's and sanofi-aventis' only obligation is to warn the Plaintiff's prescribing physician, and that obligation was fulfilled.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

113.    Plaintiff's claims are barred as a matter of law pursuant to Restatement (Third) of Torts §§ 2,4, and 6.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

114.    Plaintiff's claims relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

115.    To the extent Plaintiff settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, P&G's and sanofi-aventis' liability, if any, should be reduced accordingly.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

116.    Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate the alleged damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

117.    The Plaintiff's Complaint fails to state a claim upon which relief can be granted with regard to punitive damages and said claim should therefore be dismissed.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

118.    P&G and sanofi-aventis deny that they have been guilty of any conduct which warrants the issue of punitive damages being submitted to a jury.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

119.    Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### THIRTIETH AFFIRMATIVE DEFENSE

120.    With respect to Plaintiff's demand for punitive damages, P&G and sanofi-aventis specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards which arose in the decisions of *BMW of North America v. Gore*, 116 U.S. 1589 (1996) (as extended by *Cooper Indus. v. Leatherman Tool Group*, 532 U.S. 424 (2001)) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003)).

### THIRTY-FIRST AFFIRMATIVE DEFENSE

121.    Plaintiff is not entitled to recover exemplary or punitive damages because, to the extent that Plaintiff seeks punitive damages for an alleged act or omission of P&G and sanofi-aventis, no act or omission was malicious, fraudulent, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

122.    Plaintiff is not entitled to punitive or exemplary damages because Actonel and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

123.    The imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because P&G and sanofi-aventis are not informed of the nature and cause of the accusation against them; thus, the allegations are void for vagueness.

### JURY DEMAND

P&G and sanofi-aventis hereby demand a trial by jury on all of Plaintiff's claims.


WHEREFORE, Defendants P&G and sanofi-aventis pray for judgment as follows:

1.    That Plaintiff take nothing by her Complaint;

2.    For such other and further relief as the court may deem just and proper.


Dated: March 3, 2008                    Respectfully submitted,


                                        By: _/s/ James H. Neale_____
                                            James H. Neale (JN6972)
                                        FULBRIGHT & JAWORSKI L.L.P.
                                        666 Fifth Avenue
                                        New York, NY  10103-3198
                                        (212) 318-3000
                                        *Attorney for Defendants Procter & Gamble*
                                        *Pharmaceuticals, Inc., and sanofi-aventis US*
                                        *L.L.C.*
                                                    - AND -

                                        Terry O. Tottenham
                                        Lana K. Varney
                                        FULBRIGHT & JAWORSKI L.L.P.
                                        600 CONGRESS AVENUE, SUITE 2400
                                        AUSTIN, TEXAS  78701
                                        (512) 536-5201


                                        *Of Counsel*


ANSWER                          -25-